O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI A.,<br><br>       Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting<br>Commissioner of Social Security,[1]<br><br>       Defendant. | Case No.  5:17-cv-01453-KES<br><br>MEMORANDUM OPINION AND<br>ORDER |

## I.

## BACKGROUND

In January 2014, Naomi A. ("Plaintiff") filed an application for supplemental security income ("SSI") alleging disability commencing November 20, 2013. Administrative Record ("AR") 413-23.

On October 15, 2015, an Administrative Law Judge ("ALJ") conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert ("VE").  AR 272-313.

---

[1] Effective November 17, 2017, Ms. Berryhill's new title is "Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security."

On December 5, 2015, the ALJ issued a decision denying Plaintiff's application. AR 130-52. At step two of the sequential evaluation process,[2] the ALJ concluded that, "while the claimant complains of back pain over a period of years, the record is devoid of any imaging studies of the spine or treatment for a back issue other than very sporadic physical therapy." AR 137. The ALJ found that, in "the absence of . . . objective medical evidence based on acceptable clinical and laboratory diagnostic techniques, as well as the absence of any evidence of signs or laboratory findings," Plaintiff's alleged symptoms of back pain were not related to any medically determinable impairment. Id.

In so finding, the ALJ cited Plaintiff's consultative internal medicine examination with Dr. To in February 2014, at which Plaintiff complained of back pain for the past five years. AR 137, citing AR 607. The examination of Plaintiff's cervical and thoracolumber spine revealed mild tenderness on palpation, but no discernable limitation on any range of motion or evidence of radiculopathy. AR 137, citing AR 609-11.

The ALJ also cited August 2014 treatment notes from the La Puente Valley Medical Group ("LPVMG"), which stated that neck and back pain were "not present." AR 137, citing AR 901.

Last, the ALJ cited AR 714-19 for Plaintiff's "sporadic" physical therapy. See AR 137. Those records show that Plaintiff received an initial physical therapy

---

[2] Step two of the five-step sequential evaluation process requires determining whether the claimant has any severe medically determinable impairment(s), i.e., an impairment that results from "anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 416.908. An impairment is "severe" if it has more than a minimal effect on a claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 416.920(c); Social Security Ruling ("SSR") 96-2p. If a claimant does not have a medically determinable impairment that is "severe" over a period of at least twelve consecutive months, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.909.

evaluation in October 2012; she reported foot pain, but no back pain. AR 718. Plaintiff received another initial physical therapy evaluation in August 2014; she reported lumbar pain at a 7-9 out of 10 scale and attended five physical therapy appointments in August and September 2014. AR 715-16.

The ALJ found that Plaintiff did suffer from the medically determinable severe impairment of a seizure disorder. AR 135. Despite this impairment, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform the demands of medium work, specifically:

> the claimant can lift and/or carry 50 pounds occasionally and 25 pounds frequently. She can stand and/or walk for six hours out of an eight-hour workday with regular breaks, sit for six hours out of an eight-hour [sic] with regular breaks, and occasionally balance. She cannot climb ladders, ropes or scaffolds, and she must avoid heights and hazardous machinery….

AR 140, citing 20 C.F.R. § 416.967.

Based on this RFC and the VE's testimony, the ALJ determined that Plaintiff could not perform her past relevant work as a machine packager or glass crusher. AR 145. The ALJ found, however, that Plaintiff could work as a dishwasher, Dictionary of Occupational Titles ("DOT") 318.687-010; dining room attendant, DOT 311.677-018; and patient transporter, DOT 35.677-014. AR 146-47. The ALJ concluded that Plaintiff was not disabled. AR 147.

After the ALJ's opinion, Plaintiff submitted to the Appeals Council a number of additional medical records, including a report on the lumbar x-rays ordered by LPVMG in October 2015. AR 2, 218. That report pre-dates the ALJ's decision. Compare AR 147 and AR 281. The radiology report summarizes the x-rays as follows:

> There is grade I anterolisthesis of L4 with respect to L5. This anterolisthesis increases on the flexion views. There is L4-L5 and L5-

S1 disc space narrowing and osteophyte. There is slight superior end-plate depression of L2 with L1-L2 disc space narrowing and osteophyte. There is prominent lower lumbar facet hypertrophy.

AR 218 [copy at AR 163].

Plaintiff also submitted to the Appeals Council an MRI of her lumber spine performed on December 4, 2015, i.e., before the ALJ's decision. See AR 2, 168. The MRI revealed abnormalities at various levels of Plaintiff's spine, including disc bulges, foraminal narrowing, and facet hypertrophy. AR 168-69.

## II.

## DISCUSSION

Plaintiff argues that the ALJ erred at step two of the sequential evaluation by determining that Plaintiff's back impairment was non-severe. (Dkt. 26, Joint Stipulation ["JS"] at 4.) In so arguing, Plaintiff (and Respondent) assume that the Appeals Council considered the additional records submitted by Plaintiff and made them part of the administrative record. (See JS at 7, 12.) That is apparently not the case.[3] With respect to the MRI and x-rays, the Appeals Council stated: "We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not consider and exhibit this evidence." (See AR 2, 5.) The documents are thus before the Court only as part of the record of administrative proceedings, rather than medical evidence exhibits.

---

[3] The parties' mistake is understandable. "Consider" is a term of art in the context of the Appeals Council's denial of request for review. Regulations in effect before January 2017 provided that when a claimant submits "new and material evidence," the Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b) (emphasis added). The Appeals Council will then incorporate into the administrative record any new, material evidence that it so considers. In contrast, the Appeals Council "looks" at, but does not "consider," evidence presented to it that it concludes is not new, not material, or does not relate to the relevant period.

4

Thus, the Court interprets Plaintiff as asking this Court to consider and make part of the record the x-ray and MRI images discussed above.

Plaintiff's appeal therefore falls under "sentence six" of 42 U.S.C. § 405(g), which provides for district court review of the Social Security Administration's final decision.[4]  See Armani v. Colvin, No. 14-175, 2015 WL 3561670, at *2 (W.D. Wash. May 19, 2015) (considering under sentence six evidence not incorporated into the administrative record by the Appeals Council), adopted, 2015 WL 3567061 (W.D. Wash. June 5, 2015).  That statute provides, in relevant part: " The Court may ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

To be material, the new evidence must bear "directly and substantially on the matter in dispute." Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001) (citation omitted).  This means that the new evidence is "probative of [the claimant's] condition as it existed at the relevant time—at or before the disability hearing." Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511 (9th Cir.

---

[4] Another court in this district has questioned whether remand under these circumstances is subject to the requirements of sentence six.  See Powell v. Colvin, No. 6:14-cv-01900-SI, 2016 WL 706199, at *5 (D. Or. Feb. 22, 2016) (remanding for ALJ to consider new evidence, and noting that the courts in Taylor v. Comm'r of SSA, 659 F.3d 1228, 1232 (9th Cir. 2011), Ward v. Colvin, 2014 WL 4925274, at * 4 (E.D. Cal. Sept. 30, 2014), and Mancillas v. Colvin, 2014 WL 2918897, at *4 (N.D. Cal. June 26, 2014), remanded without discussing the sentence six requirements).  If Plaintiff must meet the sentence six standard, she has done so here.  If she need not, then remand would be the appropriate outcome regardless, given the Court's materiality finding and the holding in Taylor.  See Taylor, 659 F.3d at 1232 ("Where the Appeals Council was required to consider additional evidence [i.e., new and material evidence that related to the relevant time period], but failed to do so, remand to the ALJ is appropriate so that the ALJ can reconsider its decision in light of the additional evidence.").

1988).  Materiality requires claimants to "demonstrate that there is a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing."  Mayes, 276 F.3d at 463.

"To demonstrate good cause, the claimant must demonstrate that the new evidence was unavailable earlier."  Mayes, 276 F.3d at 463 (9th Cir. 2001); see also Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir. 1985) ("If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied.").

Here, Plaintiff has demonstrated both materiality and good cause.  The ALJ based his step-two finding regarding Plaintiff's back pain primarily on the absence of imaging studies.  Apparently, imaging studies occurring around the time of the ALJ hearing and decision did reflect potential medical impairments that could explain Plaintiff's alleged symptoms of back pain.  Both the x-rays and MRI show physical abnormalities affecting Plaintiff's lumbar spine.  AR 218, 168-69. Because the ALJ did not find any medically determinable impairment affecting Plaintiff's back, the ALJ did not consider whether Plaintiff's back impairments would more than minimally affect Plaintiff's ability to do basic work activities. Upon reviewing the imaging studies, a reasonable ALJ might (or might not) conclude that Plaintiff's back impairments are severe and justify additional restrictions against certain exertional activities.

The ALJ also erroneously concluded that Plaintiff's only treatment for back pain during the period of claimed disability was physical therapy.  In July 2014, Plaintiff had requested and received a "Flector patch for back pain" from LPVMG.[5]

---

[5] The Flector patch is a "nonsteroidal anti-inflammatory (NSAID) patch that treats acute pain due to minor strains, sprains, and bruises."  See https://www.flectorpatch.com/about-flector-patch.

AR 897.  In August 2014, Plaintiff was still being prescribed the Flector patch.  AR 899-900.  In November 2014, she again reported back pain, but "symptoms are relieved by ice and heat."  AR 909.  She continued to use the Flector patch.  AR 911.  In April 2015, Plaintiff complained again to LPVMG of back pain.  AR 892.  LPVMG renewed her Flector patch prescription.  AR 893.  In July 2015, Plaintiff complained to LPVMG of back pain and claimed an onset date of "24 months ago."  AR 889.  She was given ibuprofen.  AR 890.  In October 2015, Plaintiff reported back pain to LPVMG and requested "x-rays for lumbar pain."  AR 886, 894.  LPVMG referred Plaintiff to physical therapy.  AR 887, 895.  Plaintiff's treating records from LPVMG show that she complained of back pain and received pain medication.  AR 897-900, 909, 911, 889, 892-85.

In sum, given these records, there is a reasonable possibility that including the x-ray and MRI images in the record would have changed the outcome.  As for good cause, the x-rays and MRI images were created almost contemporaneously with the ALJ hearing and decision.  Defendant argues that the ALJ's error was harmless because the ALJ adopted an RFC based on Dr. To's opinions, and Dr. To considered Plaintiff's complaints of back pain.  (JS at 11.)  The Court is uncertain whether "harmless error" is the appropriate standard here, given that the ALJ did not "err," but rather did not have before him the new, material evidence discussed above.  In any event, for the reasons discussed above, the new evidence is material and thus could have impacted the outcome of the proceedings.  Furthermore, Dr. To's opinions pre-date the imaging studies.  It is unclear that Dr. To or the state agency physicians would have assessed the same RFC if they had been able to review the imaging studies showing abnormalities affecting Plaintiff's lumbar spine.

Defendant also points out that in a May 11, 2016 treatment note, Plaintiff denied having any current back pain.  (JS at 13, citing AR 78.)  That note explains that Plaintiff had received six epidural injections to the lumber spine.  AR 78.

While a condition with symptoms that can be adequately controlled with conservative treatment may not be disabling, the ALJ never considered whether Plaintiff's back pain is sufficiently controlled by medication such that it does not more than minimally affect her ability to do basic work activities. Instead, the ALJ indicated that the AR was "devoid of … treatment of a back issue other than very sporadic physical therapy." AR 137. The Court cannot affirm the decision of the Social Security Administration on a ground on which the agency did not rely in reaching its decision. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006).

On remand, the ALJ should evaluate the later-submitted evidence relevant to the period of claimed disability and determine its impact on the RFC findings and on the vocational findings.

## III.

## CONCLUSION

For the reasons stated above, the Commissioner's decision that Plaintiff is not disabled is REVERSED and REMANDED for further proceedings consistent with this opinion.


DATED: October 18, 2018

_____
KAREN E. SCOTT
United States Magistrate Judge